### Tom Pool v. The State.

#### No. 1188. Decided May 17, 1911.

**Assault to Murder—Charge of Court—Instrument Used.**

Where, upon trial for assault to murder, the evidence showed that the instrument used was an ordinary pocket-knife, and the court failed to apply the law to the facts, with reference to the instrument used, etc., under articles 717 and 719, Penal Code, the same was reversible error.

Appeal from the District Court of Delta. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lane & Ratliff, Patterson & Patterson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

A brief statement of the facts shows that three young men were at the depot waiting for the train. Appellant went where they were about the time the train made its appearance. After a short colloquy he inflicted a stab on two of them, one of them while on the ground, and the other on the platform of the car. This case involves the infliction of the wound upon the party on the platform of the car. The wound was in the left breast, and was supposed to be about two and one-half inches or such matter in depth. The doctor says the wound did not go towards the cavity, "but the other way." No one saw the instrument with which the wound was inflicted. Later during the night appellant was found in a church asleep, and in his coat pocket was found an open pocket-knife with a blade something like

two and a half or three inches in length. The evidence does not show there was blood upon the knife.

Under this state of case the court gave, among other things, article 717 of the Penal Code. This was given in connection with the definition of assault. It was simply a copy of the statute. When the court came to apply the law to the case the jury were not instructed with reference to this statute, nor informed of the relation appellant would stand to the difficulty under the law as declared in articles 717 and 719. We are of opinion that the provisions of these articles should have been applied by the court in a proper charge submitting the issues to the jury, and because this was not done the judgment will be reversed.

We deem it unnecessary to enter into a discussion of the reasons why this should be done, or what was necessary to have been given in the charge, in view of the fact that these matters were discussed very fully and cogently by Judge Hurt in Shaw v. State, 34 Texas Crim. Rep., 435, which case was reviewed in Honeywell v. State, 40 Texas Crim. Rep., 199.

We think this omission in the court's charge and the failure to properly apply the law as provided by the Legislature in articles 717 and 719, supra, is of sufficient importance to require a reversal of the judgment. It is upon a crucial point in the case, and it might have been, if this law had been properly given with reference to this statute, the jury may have found appellant guilty only of aggravated assault.

There is a question with reference to newly discovered evidence suggested in the motion for new trial. We deem it unnecessary to review this question as it may not occur upon another trial. The witness may be found and the testimony produced. In any event, it will not be newly discovered upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*