DEMSEY REEVES v. THE STATE.

No. 3203. Decided June 26, 1914.

**1.—Murder—Bill of Exceptions—Statement of Facts.**

In the absence of a bill of exceptions, the approval of the statement of facts, in which exceptions were not reserved to the testimony objected to, the same could not be considered on appeal; besides, there was no error in admitting this testimony.

**2.—Same—Intent to Kill—Aggravated Assault—Charge of Court.**

Where, upon trial of murder, the evidence raised the issue of want of intent to kill and that the weapon used was not per se a deadly weapon, the court should have charged on aggravated assault, as requested.

Appeal from the District Court of Chambers. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Picket, Jr.,* and *E. T. Branch,* for appellant.—On question of court's failure to charge on aggravated assault: Ross v. State, 61 Texas Crim. Rep.. 12; Bolden v. State, 166 S. W. Rep., 503.; Trevino v. State, 72 Texas Crim. Rep., 91, 161 S. W. Rep., 108; Green v. State, 69 Texas Crim. Rep., 485, 154 S. W. Rep., 1003; Blackshear v. State, 69 Texas Crim. Rep., 113, 154 S. W. Rep., 564; Jones v. State, 69 Texas Crim. Rep.. 216, 153 S. W. Rep., 310; Dawson v. State, 70 Texas Crim. Rep.; 8, 155 S. W. Rep., 266; Huddleston v. State, 70 Texas Crim. Rep., 260, 156 S. W. Rep., 1168; Hysaw v. State, 69 Texas Crim. Rep., 562, 155 S. W. Rep., 941; sec. 434, Branch's Crim. Law.

On question of want of intent to kill: McDowell v. State, 151 S. W. Rep.. 1049; Crow v. State, 55 id., 200; Price v. State, 60 id., 91; Washington v. State, 53 id., 480; Posey v. State, 46 id., 190; Grant v. State, 65 Texas Crim. Rep., 626, 143 S. W. Rep., 929; Perrin v. State, 45 Texas Crim. Rep., 560.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder, and his punishment assessed at five years confinement in the State penitentiary.

There are no bills of exception, unless we should consider the objections to testimony as appears in the statement of facts, but in his approval the trial judge narrows his approval so that it reads that he "approves it as a statement of facts" only. But we have carefully reviewed the objections made to the testimony, although only presented in this way, and are of the opinion the court did not err in his rulings.

The State's evidence amply and fully supports a conviction for murder, as it would tend to show a premeditated and formed intention to kill. However, appellant swears he did not intend to kill deceased. The weapon used was an ordinary pocketknife, with a blade as estimated by the witnesses from two to two and one-half inches in length. He testifies that he and Addie Tilton were talking, when Joe Frazier, deceased, approached them and said: "What are you two sons-of-b—hes doing out here?" That Tilton responded and said, "That is a mighty poor name to call a man," when deceased remarked, "Well, I will take it back for you." That he, appellant, then remarked, "Well, Joe, I think you ought to take it back for me, too, because I never cuss a man for a s—n-of-a-b—h unless I mean it," deceased responding, "You go to hell—I don't have to take nothing back." Other words followed, and appellant says he took off his coat and threw it on the gallery; that both had out their knives, and after quarreling awhile he, appellant, got on his horse and started home, but remembering he had left his coat

on the gallery, he returned to get it, and deceased remarked, "I guess you son-of-a-b——h, you come back after it," when appellant responded, "No, I came back after my coat." That deceased continued to curse, when he said, "Joe, if nothing else but a fight can do you, I will fight you fair." That deceased ran around in front of him with a knife in his hand and struck at him, and he, appellant, jumped back and struck at deceased and ran. All the evidence shows that appellant ran after he struck the blow with his knife. The testimony further shows that appellant weighs about 135 pounds while deceased was a larger man and would weigh 160 pounds.

As before stated, the testimony for the State supports a conviction for murder. The only question is, does the above testimony, together with appellant's statement, "that he did not intend to kill and was trying to get away," raise the issue of aggravated assault, and should the court have submitted that issue? Article 719 of the Code provides that if a homicide takes place under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, it would not be murder unless there was an intention to kill, but the party would be guilty of some grade of assault. And article 717 provides, that if the instrument by which a homicide is committed is to be taken into consideration, and if it is not such an instrument as is likely to produce death, it can not be presumed that death was designed, unless from the manner of its use such intention evidently appears.

The instrument used was an ordinary pocketknife as shown by all the testimony, and this has been held not to be per se a deadly weapon, and under appellant's testimony, and the testimony of his witnesses, we think the issue of aggravated assault was sufficiently raised to require it to be submitted to the jury for a finding. Appellant at the time the charge was submitted to him for inspection, objected to the charge because it did not submit the issue of aggravated assault, and because the court failed to do so presents such error as we think entitles appellant to a reversal of the case. Branch's Crim. Law, sec. 434.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*