## COUNTRY CLUB v. THE STATE. OF TEXAS.

### No. 2760.    Decided June 25, 1919.

### (214 S. W., 26).

**1.—Clubs—Intoxicating Liquors—Sale—Injunction.**

A country or golf club which, as incidental to its purposes maintains a buffet where intoxicating liquors are sold to its members and guests only, doing this not for profit nor in the way of business, nor as a device to evade the liquor or license laws of the State, nor within territory where sales of intoxicants are prohibited, is not within the meaning of article 611 of the Penal Cole (Act of April 17, 1909, Laws 31st Leg., chapter 17, section 4, page 294). It is not acting unlawfully in making such sales without taking out license as a liquor dealer, and can not be enjoined from so doing at suit of the State. (P. 44.)

**2.—Cases Followed.**

State v. Austin Club, 89 Texas, 24; State v. Duke, 104 Texas, 355; Adams v. State, 66 Texas Crim., 220; discussed and followed. (Pp. 45-49.)

**3.—Corporation—Incidental Powers.**

A corporation created to maintain a country club for golf and other recreations, had authority, as incident to such purpose, to sell to its members and guests such refreshments as are commonly furnished by such clubs, including intoxicating liquors, and did not exceed its corporate powers in so doing.  (P. 49.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The State brought suit for injunction against the Country Club and appealed from a judgment denying, in the main, the relief sought.  This being reversed and rendered for appellant (173 S. W., 570) the Country Club obtained writ of error.

*Thelbert Martin,* and *Lightfoot, Brady & Robertson,* for plaintiff in error.—The trial court did not err in refusing to grant the State an injunction enjoining appellee from maintaining its buffet, and from the sale and service of intoxicating liquors to its members, and did not err in its conclusion of law that appellee had the right to use its funds, franchises and assets in such manner; for the reason that appellee, being a *bona-fide* social club, has the implied power to maintain such buffet, and to sell and dispense intoxicating liquors to its members during all days of the week, including Sundays, without violating any statute of this State, and without infringing the public policy of this State.    10 Cyc., 1097;    North Side Ry. Co. v. Worthington, 88 Texas, 562;    State v. Duke, 137 S. W. Rep., 654, 104 Texas, 355;    State v. Austin Club, 89 Texas, 20;  Adams v. State, 145 S. W., 940;  Koening v. State, 33 Texas Cr. Rep., 367;    Cassidy v. State, 58 Texas Crim., 454;    Moriarty v. State, 124 S. W., 1016;    11 Am. & Eng. Enc. of Law, 727;    Black on Intoxicating Liquors, sec. 142, p. 185;  Cook on Corporations, sec. 3, p. 11;  23 Cyc., 205;  Green's Brice's Ultra Vires, pp. 32, 62, 63, 64, 86;  People v. Adelphi Club (N. Y.), 31 L. R. A., 510;  52 Am. St. Rep., 700;  Club v. Shelton (Tenn.), 56 S. W., 838;  Tennessee Club v. Dwyer, 11 Lea, 452, 47 Am. Rep., 298.

The right of a *bona fide* social club to sell and dispense intoxicating liquors to its members, in the special and strictly limited manner in which appellee has done and is doing is not a franchise, and is not a special privilege to be exercised only in compliance with the laws of the State regulating the business of retailing liquors, and appellee has not thereby usurped any franchise; and the trial court did not err in its conclusion of law in so holding and denying the State an injunction, because the Legislature has not, by its license laws undertaken to regulate the sale of intoxicating liquors by *bona fide* social clubs, in such manner, and has not made the exercise of such privilege by such clubs a franchise.    10 Cyc., 1907;  State v. Duke, 137 S. W., 654;    State v. Austin Club, 89 Texas, 20;  Adams v. State, 145 S. W., 940;    Koening v. State, 33 Texas Crim.

367; Moriarty v. State, 124 S. W., 1016; 11 Am. and Eng. Enc. of Law, 727; Black on Intoxicating Liquors, sec. 142, p. 185; People v. Adelphi Club (N. Y.), 31 L. R. A., 510, 52 Am. St. Rep., 700; Club v. Shelton (Tenn.), 56 S. W., 838; Tennessee Club v. Dwyer, 11 Lea., 452, 47 Am. Rep., 298.

The trial court did not err in its conclusion of law that appellee had the right to sell and dispense intoxicating liquors on Sunday. State v. Duke, 137 S. W., 654; State v. Austin Club, 89 Texas, 20; Adams v. State, 145 S. W., 940; Koening v. State, 33 Texas Crim., 367; Seim v. State (Md.), 39 Am. Rep., 419; and other authorties cited under the First Proposition in this brief.

*B. F. Looney,* Attorney General, and *W. A. Keeling,* and *C. M. Cureton,* Assistants, for defendant in error.—Appellee in this case being a corporation chartered "to support and maintain a golf club and other innocent sports in connection therewith" has no authority in law to establish and maintain a buffet and sell and serve intoxicating liquors therefrom to its members, and such action on the part of appellee in this case constituted a misuser of its funds, assets and franchises authorizing the State to enjoin it from such misuse; and the court for this reason erred in not granting the injunction prayed for, enjoining appellee from a further maintenance of said buffet and the sale and service of intoxicating liquors by the appellee to its members and invited guests, and in concluding as a matter of law that appellee had the right to use its franchise, funds and assets in the sale and dispensation of intoxicating liquors in the manner set forth in the agreed statement of facts. *Corporate Powers*: R. S. Arts. 1164, 1167 and 1140; Railway Co. v. Morris, et al., 68 Texas 699; Ft Worth Ry. Co. v. Rosedale Ry. Co., 68 Texas, 176; Irrigation Co. v. Vivian, 74 Texas, 173; Sabine Tram Co. v. Bancroft, 40 S. W., 839; Lyons-Thomas Hdw. Co. v. Perry Stove Co., 24 S. W., 16; Rue v. Mo. Pac. Ry. Co., 74 Texas, 479; Thomas v. Railway Co., 101 U. S., 81. *Implied Powers*: Northside Ry. Co. v. Worthington, 88 Texas, 562; Indianola v. Gulf Ry. Co., 56 Texas, 594; Ency. Law, Vol. 7, p. 700; People v. Chicago Gas. Co., 17 Am. St. Rep., 319; Franklin v. Lewiston Inst., 28 Am. Rep. 9; Buffet v. Troy Ry. Co., 40 N. Y., 176; Green's Brice's Ultra Vires, p. 77. *Rules of Construction*: Ency. of Law, Vol. 7, p. 708; East Line Co. v. Rushing, 69 Texas, 314; Wharf Co. v. Ry. Co., 81 Texas, 494; Victoria Co. v. Victoria Bridge Co., 68 Texas, 62; Empire Mills v. Alston, 15 S. W., 200; N. W. Fertilzier Co. v. Hyde Park, 97 U. S., 659; Turnpike Co. v. Illinois, 96 U. S., 68; Sedgwick on Statutory Construction, p. 291; Sutherland on Statutory Construction, secs. 534 and 555.

The right to sell intoxicating liquors in this State is a franchise and special privilege to be exercised only in compliance with the laws of the State governing retail liquor dealers, and the action

of appellee in establishing a buffet and selling intoxicating liquors to its members under the agreed statement of facts in this case is the usurpation of a franchise not granted to or permitted to be exercised by a corporation; and the trial court erred in its conclusions of law in holding that such action was not a misuser of appellee's corporate franchise and in not granting the injunction prayed for. Joyce on Franchises, sec. 2, page 5; sec. 21; Bank of Augusta v. Earle, 13 Pet. (38 U. S.), 519; State v. City of Topeka, 30 Kan., 653-661; The Overseers v. Warner, 3 Hill (N. Y.), 157, 4 E. D. Smith (N. Y.), 147; Miller v. Comm., 65 S. W., 829; City of Uniontown v. State, 145 Ala., 471; State v. Wilburn, 39 So., 816; Black on Intoxicating Liquors, sec. 115, page 153; R. S., 5504; Fleming v. Texas Loan Agency, 87 Texas. 238; Society, etc., v. New Haven, 8 Wheat. (U. S.), 465; People v. Riverside, 66, Cal. 288; S. W. Ry. Co. v. Paulk, 24 Ga., 356.

The court erred in concluding as a matter of law that appellee had the right to sell and dispense intoxicating liquors in the manner set forth in the statement of facts on Sundays and declining and refusing to grant appellant's prayer for injunction asking that appellee be enjoined from selling, dispensing and serving intoxicating liquors to its members and guests on Sundays, for the reason that the sale of intoxicating liquors by appellee, even though a chartered corporation, organized to support and maintain a golf club and other innocent sports in connection therewith is prohibited by Article 302 of the Penal Code, prohibiting sales on Sundays by a dealer of goods, wares and merchandise or trader in any lawful business. P. C., Arts. 302, 303; Egan v. State, 68 S. W., 273; Hofheintz v. State, 74 S. W., 310; United States v. Giller, 54 Fed., 656; City of New Orleans v. Le Blanc, 34 La. Ann., 596; Overall v. Bezeau, 37 Mich., 506; U. S. v. Allen, 38 Fed., 736; Krnavek v. State, 38 Texas Crim., 44; Adams v. State, 145 S. W., 942; Feige v. State, 95 S. W., 506; Finn v. State, 38 Texas Crim., 75; Beauvoir Club v. State, 121 Am. St., 84; State v. Lockyear, 95 N. C., 633; State v. Mercer, 32 Iowa, 405; Marmont v. State, 48 Ind., 24; State v. Delaware Saenger-Bund, 91 Atl., 293; Martin v. State, 59 Ala., 34; Ky. Club v. Louisville, 92 Ky., 309; Mohrman v. State, 43 L. R. A., 398.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The State of Texas, defendant in error, brought this suit to enjoin The Country Club, plaintiff in error, from dispensing intoxicating liquors to its members and others, and from using its assets for any other purpose than maintaining a golf club.

The case was tried on an agreed statement of facts, showing in substance that the Club was incorporated in good faith, to support and maintain a golf club, and other innocent sports in connection therewith; that the Club owned a clubhouse and golf course, worth

some 35,000, all of which were used exclusively by the members of the Club and their guests; that the Club maintained a buffet, for the purpose of selling and dispensing intoxicating liquors to its members and their guests only, not for the purpose of profit and not in the way of trade or business; that the Club was not maintained as a device or scheme to evade any liquor or license laws of the State or of any subdivision thereof; that the dispensation and sale of liquor to members and guests of the Club were merely incidental to its lawful corporate purposes and for the enjoyment and convenience of the Club members and guests; that the Club premises were not within local option territory, nor situated where the sale of intoxicating liquors was forbidden by any state or municipal law.

The Hon. C. A. Wilcox, before whom the case was tried, held that all the issues presented by the suit had already been settled and adjudicated in Texas, against the State, save the State's right to enjoin the Club from dispensing liquor on election days, and judgment was therefore rendered denying the State the relief it sought, save that the State was granted an injunction restraining the Club from dispensing liquors on election days.

The Court of Civil Appeals concluded that the issues involved "have never been decided in this State;" that sales of liquors by The Country Club to its members and guests violated article 611 of the Penal Code; and that in dispensing liquors to its members and guests the Club usurped a franchise not granted by its charter. Thereupon judgment was rendered by the Court of Civil Appeals perpetually enjoining plaintiff in error from dispensing intoxicating liquors to its members and from investing any portion of its funds in such liquors.

We think it is plain, as held by the Honorable Presiding Judge in the District court, that the law, as settled by the decisions of this Court and of the Court of Criminal Appeals, on the agreed facts, denied the award to the State of any further relief than was granted by the judgment entered in the District Court.

The main contention of the State, which was sustained by the Court of Civil Appeals, is that the dispensing of intoxicating liquors by plaintiff in error to its members and guests constitutes a sale, within the meaning of Section 4 of the Act approved April 17, 1909, regulating the sale of intoxicating, liquors, said section now being article 611 of the Penal Code, and reading as follows: "No person shall, directly or indirectly, sell spirituous or vinous liquors, capable of producing intoxication, in quantities of one gallon or less, without taking out a license as a retail liquor dealer. Any person who shall violate the provisions of this article shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than five hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for a term not to exceed six months."

More than twenty years ago, this Court determined that a Club dispensing intoxicating liquors to members and guests, in good faith, was not engaged in the business of selling such liquors. The following excerpts from the carefully considered opinion of Judge Brown leave no room for dispute here, to-wit:

"The statute under which the State claims that the Austin Club is subject to an occupation tax reads as follows:

"Hereafter there shall be levied upon and collected from any person, firm or association of persons engaged in the business of selling spirituous, vinous or malt liquors, or medicated bitters, an annual tax upon every such occupation or separate establishment, as follows: For selling spirituous, vinous or malt liquors or medicated bitters, in quantities of less than one quart, three hundred dollars.' (Sayles' Statutes, art. 3226.). . . . . . .

"The question presented is: was the Austin Club, in dispensing to its members and their guests liquors, in the manner stated, engaged in the 'business of selling spirituous, vinous or malt liquors, within the meaning and intent of article 3226a, as above quoted? . . .

"Clubs like this have been formed and maintained in many of the States, and in some of them the question now before the court has been adjudicated, upon which there is likewise a conflict of authority. . But we believe that the decided weight of authority upon this question supports the conclusion arrived at by the Court of Criminal Appeals in the case of Koenig v. State, cited above, to the extent that the club was not engaged in the business of selling spirituous liquors. . . . . . . .

"The condition of the bond requiring obligee to keep an open, quiet and orderly house or place for the sale of spirituous, vinous or malt liquors, together with the provision of the statute defining what are open and quiet houses, and the further provision requiring the posting of the license in a public place, indicates that the Legislature intended that the business of selling spirituous, vinous or malt liquor should be conducted in a public place, open to all persons to enter therein and, to the observation of those passing by such place, and guarding against all of those things which would be calculated to lure the unsuspecting into such places, or to offend or corrupt those who might visit them. These provisions are inconsistent with the idea that the Legislature was attempting to regulate the dispensing of liquors in the private manner shown by the facts of this case, but it shows that the business, as expressed in the article quoted, was intended to be a business conducted in a public manner and in a place to which the public would have free access as stated above. We think that this tends very strongly to support the position taken by the appellee in this case, that the language of the statute does not embrace the business transacted by this club. . . . .

"If we should hold that a club such as this, transacting its business in the manner that this did, was engaged in the business of selling spirituous liquors by retail we would in effect hold that the place where such club's business was being transacted was a house for the retail of spirituous liquors, and would be in direct conflict with the highest court in criminal matters in this State. . . . . "We, therefore, for these reasons and upon the authorities cited, answer that the Austin Club, in the transactions stated by the Court of Civil Appeals, conducted in the manner therein stated, was not engaged in the business of selling spirituous, vinous and malt liquors and medicated bitters." State of Texas v. Austin Club, 89 Texas, 24 to 28.

Afterwards, the Court of Civil Appeals of the Fifth, Supreme Judicial District certified to this Court the question as to whether the State had been properly denied an injunction against the Dallas Golf and Country Club, on facts which cannot be distinguished in any material particular from those contained in the agreed statement in this case, with respect to dispensing intoxicating liquors, and further certified to this Court the question as to whether the dispensing of intoxicating liquors by that Club to its members and their invited guests constituted a sale within the meaning of article 359 of the Penal Code as amended in 1907, wherein a disorderly, house was defined to include "any house in which, spirituous, vinous, or malt liquors are sold or kept for sale, without first having obtained a license under the laws of this State to retail such liquors."

In 1911, this Court answered, in a most elaborate opinion by Associate Justice Ramsey, in which Judge Brown and Judge Williams concurred, when delivered, and in which Judge Brown and Judge Dibrell concurred, on rehearing, that the injunction was properly denied, and that the dispensing of intoxicating liquors by that club was not a sale within the meaning of amended article 359.

The Court most properly held that in order to determine the State's right to an injunction, on other grounds than that the Dallas Golf and Country Club was "engaged in the business·of selling intoxicating liquors," it must decide whether any other provisions of the law, save amended article 359, entitled the State to the injunction which it sought. Among the other provisions of the law carefully examined and considered by the Court was section 4 of the Act approved April 17, 1909, later article 611 of the Penal Code, with respect to which the conclusion was announced that while it might, if it stood alone, be sufficient to include within its terms a club in good faith dispensing liquors to its members and guests, yet, when interpreted in the light of the decisions, it could not and did not include such a club, under the fair and just construction of its terms which the law not only sanctioned but required. State of Texas v. Duke, 104 Texas, 355.

After expressly stating that nothing contained in the acts of 1909, 1907 or 1893, should change the rule announced in the Austin Club case, the opinion states: "In that case Judge Brown in distinct and emphatic terms announced that the provisions of the then law as to open houses were not applicable to such clubs, and that such clubs could not under the terms of the then law secure license and in terms called attention to the fact that 'if the Legislature intended to prohibit this class of business, if it be termed a business, it might easily have done so in plain and unambiguous language, as it has done with reference to the prohibited sales above stated.' The decision in that case has been known to the profession and people of this State for more than sixteen years. A similar rule of construction has obtained and been in force in the Court of Criminal Appeals of this State for even a longer period. The rule comes to us with the weight of the greatest names that ever added luster to the annals of any time. We are not at liberty to depart from it except on such compulsion of reason as can furnish no answer. It is, too, an elementary rule without exception that statutes like this, penal in their character, must and should be strictly construed. The very first article of our Penal Code provides that 'the design of enacting this code is to define in plain language every offense against the laws of this State, and to affix to each offense its proper punishment.' In view of the many changes wrought in our Local Option Law, and in our system of taxation and regulation of the liquor traffic, questions which have been in the public mind for many years, it would have seemed, having in mind the significant words of Judge Brown, that if it had been the purpose of the law-making body, to have instituted a rule under which clubs, such as this, should be taxed *or punished* for furnishing *as a mere incident of their organization,* liquors to their members, that such legislative intent would have found expression in clear and unambiguous terms. Not only has a different rule, from that contended for by the State, for all these years obtained, 'without variableness or shadow of turning' in the courts of this State, but the same rule has been accepted and acted upon by our people, and also recognized by those whose personal and official duty, concern and office it is to construe such statutes and to aid in the enforcement of the law. . . .

"We have, therefore, a condition in which there is not only a concurrence of judgment by the two courts of last resort in this State, but the acceptance and acquiescence in this conclusion by the legal department of the State government, with reference to and on the faith of which clubs similar to the one here sought to be enjoined have been in operation in the principal cities of Texas for many years. As we have seen, they can only be enjoined under conditions and on evidence under which they could be convicted and branded as criminals. To constitute a crime the offense must be

defined in plain language. The law is not designed to entrap our citizens in veiled language of uncertain meaning. To do so would be as odious and hateful as the conduct of the tryant of the ancient world who bulletined his decrees beyond his subject's sight and yet punished for their infraction. We therefore do not doubt that before we would be authorized to reverse these settled rules of construction of the courts of this State, go counter to the universal and accepted practice permitted and sanctioned by law, we should indeed feel that authority so to do ought, clearly and undeniably, to be found in the enactment of our Legislature. That the provisions of our liquor laws are not, in their intent and provisions, as to open houses and otherwise, applicable to clubs is as true now as it was when this court announced its decision in the Austin Club case, and that if it had been intended to reach such clubs it was as essential to do so in plain and unambiguous language as it was when Judge Brown so declared in that case." State of Texas v. Duke, 104 Texas, 375 to 377.

Among the final conclusions in the Duke case were the following:

"That a *bona fide* club, situated in a precinct, city or town where liquor may be lawfully sold, organized for purposes permitted and sanctioned by law, which as a mere incident to its organization and without profit, furnishes liquor to its members and not to the public generally, is not a person under the laws of this State, engaged in the occupation or business of selling intoxicating liquors.

"That while each individual act of such a club, in territory where the sale of liquor is prohibited by law is a sale, that in territory where such sale is not unlawful, the method in question of furnishing liquors to the members of such club is not embraced in the general language of selling or engaging in the business of selling intoxicating liquors.

"That in respect to clubs not organized in good faith for purposes authorized by law, but merely as shifts, shields or subterfuges, such sales would not be permitted and under such circumstances they would and should be held to be disorderly houses and subject to all the pains and penalties of the law." 104 Texas, 377.

At the end of the opinion in the Duke case, it is expressly declared to be "*an authoritative decision,*" in which has been included all the sources of the law, on which it was based, both in statutes and in decisions.

In 1911, the steward of the Pastime Driving and Athletic Club was charged with unlawfully selling liquor, without license, and the facts with respect to the Club's method of dispensing liquors were substantially the same as in this case. In rejecting the contention that in dispensing such liquors there was any violation of the law, the Court of Criminal Appeals in an opinion of Judge Harper, in which Judges Davidson and Prendergast concurred, said: "This brings us to the second propostion: Was defendant,

or the Pastime Driving & Athletic Club, in making such sales, guilty of violating the law which prohibits the sale of intoxicating liquors by any one without first obtaining a license so to do?

"Were this an original proposition, in view of the authorities from many other States cited in the brief for the State, we perhaps might arrive at a conclusion that it was intended to prohibit clubs from thus selling, but in view of the fact that the Legislature was aware that clubs of this character were selling liquors to their members in this State without paying the tax, under the authority of Koenig and Austin Club Cases, for us to put such a construction on this statute would not be authorized; there is no provision in the law whereby these clubs or corporations can obtain a license to thus sell or dispense liquor to their members, and we cannot say that the Legislature intended such a radical change in the construction of the law when no more express terms were used to accomplish this purpose than are used in this statute." Adams v. State, 145 S. W., 943.

After announcing the familiar rule that when a Legislature reenacts a statute, it must intend that it be given the construction previously put upon it by the highest courts, the opinion in the Adams case continues:

"Many other authorities might be cited in this and other States so holding, and in applying this well-known rule of construction to this statute, *in the light of the decisions of this court and of thei Supreme Court on this question, no such construction should be placed on this statute as would prohibit clubs from thus dispensing or selling liquors to their members."* 145 S. W., 943, 944.

Having determined that plaintiff in error might lawfully dispense liquor to its members and guests, under the agreed facts in this case, we have no difficulty in concluding that the State was not entitled to restrain plaintiff in error from dispensing same on the ground that this was without its corporate powers.

This Court has approved the declaration that "a railroad company may establish and maintain refreshment houses along its line for the accommodation of its passengers." Northside Ry. Co. v. Worthington, 88 Texas, 569. If that be true of a railroad corporation, how can it be doubted that a golf club may provide refreshments such as are usual "for the enjoyment and convenience of the club members and their guests?"

Under the admitted facts in this case, the act of dispensing lawful refreshments was authorized by the rule that: A corporation may transact all such matters as, being ancillary to its principal business or main enterprise, are transacted by ordinary individuals under similar circumstances." Green's Brice's Ultra Vires, 65. "Corporations may transact, in addition to their main undertaking, all such subordinate and connected matters as are, if not essential, at least very convenient to the due prosecution of the former." Green's Brice's Ultra Vires, 86; 10 Cyc., 1097.

110 Tex.—4.

Under the opinion in the Duke case, as well as under the opinions of the Court of Criminal Appeals, sales of intoxicating liquors by clubs to members and guests were declared violations of the criminal law, save when made at a time and in territory wherein such sales were not unlawful, and the opinion and decision in this case goes no further than to determine that, on the agreed facts, as presented in the trial court, the proper judgment was there rendered, and the only judgment which could be rightly rendered without disregarding the decisions of this Court and of the Court of Criminal Appeals.

It is our duty to declare the law not as we might think it should be, but as it is, since the power to legislate has not been conferred on this Court.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

(Associate Justice Hawkins dissenting.)

*Reversed and judgment of District Court affirmed.*