GRADY MASON v. THE STATE.

. No. 7618.  Decided November 21, 1923.

**1.—Murder—Manslaughter—Charge of Court—Intent—Deadly Weapon.**

Where, upon trial of murder and a conviction of manslaughter, the court's charge was erroneous in that it ignored the controverted issue of intent to kill, and took no note that the weapon used, to-wit, a wind-mill sucker rod, was not *per se* a deadly weapon, and rejected a requested charge which would have cured the fault, the same is reversible error.  Following Hoover v. State, 222 S. W. Rep., 245.

**2.—Same—Aggravated Assault—Charge of Court.**

· Where, in the charge on aggravated assault, the jury were given to understand that the rule which they were to follow in determining whether the offense was manslaughter was to be found in the antecedent paragraph on manslaughter, which in itself was faulty, and would probably not be controlled by subsequent charges incorporating the law declared in Articles 1147 and 1149 C. C. P., the same is reversible error.

Appeal from the District Court of Hale.  Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Kenneth Bain, Kinder & Russell,* and *A. B. Martin,* for appellant. Cited, Hoover v. State, 222 S. W. Rep., 244; Fitch v. State, 36 id., 242.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is manslaughter; punishment fixed at confinement in the penitentiary for a period of two years.

The facts are stated in the opinions on the former appeals.  See Mason v. State, 85 Texas Crim. Rep., 254, and 88 Texas Crim. Rep., 642.

· The sixth paragraph of the court's charge reads thus: ''You are charged that if you find and believe from the evidence beyond a reasonable doubt that the defendant, *with a windmill sucker rod,* unlawfully killed the deceased, Elder Morris, but not in his own self-defense, * * * (here follows matters relating to adequate cause), and while acting under the immediate influence of sudden passion, produced by the acts, words or conduct of the deceased, at the time of the difficulty or prior thereto, *the defendant struck and killed the*

*said Elder Morris, he will be guilty of manslaughter,* and if you so believe, beyond a reasonable doubt, you will find him guilty of manslaughter, unless you find there was great neglect or manifest improper treatment, and assess his punishment at confinement in the State penitentiary for a term of years not less than two nor more than five years, at your discretion.''

Appellant excepted to this paragraph and requested the court to read to the jury a special charge containing these words: ''You are instructed that unless you believe that in the manner used the sucker rod in question was a deadly weapon, then you can not convict the defendant of manslaughter unless you further believe beyond a reasonable doubt that at the time the blow was struck the defendant had a specific intent to kill the deceased.''

It cannot be denied that the paragraph of the court's charge referred to, falls short of fully stating the law applicable to the facts in two respects, namely: (a) it ignores the controverted issue of intent to kill; and (b) it takes no note of the fact that the weapon used was not *per se* of a deadly character.

On the former appeal, the charge on self-defense contained a similar omission of which this court took cognizance in the following language: "Failure of the court to charge the law applicable to a striking under sudden passion and with an instrument not calculated to produce death, was excepted to and a special charge asked containing two said omitted elements which might have reduced the offense to aggravated assault. This was sufficient to have called the court's attention to the error. The evidence showed that the instrument used was a wooden sucker rod with an iron piece in the end. Both questions, to-wit, the deadly character of the instrument and the fatal nature of the blow, were raised by the evidence as well as the mental condition of the appellant at the time of the difficulty, and we think the court should have given the substance of article 1149 P. C., to the jury.''

The issue of intent to kill was, under the evidence of the case, important and closely contested, and it was essential that the jury in solving it should be guided by adequate and proper instructions. See Hoover v. State, 87 Texas Crim. Rep., 372, 222 S. W. Rep., 245, and various cases therein cited construing Articles 1147 and 1149 of the Penal Code, in which it is said: ''Art. 1147. The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless, from the manner in which it was used, such intention evidently appears.''

''Art. 1149. Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated

to produce death, the person killing is not deemed guilty of the homicide, unless it appear that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery.''

That paragraph 6 submitting the issue of manslaughter fails to do so seems clear. By that charge, if the jury believed beyond a reasonable doubt that the appellant, under the influence of sudden passion produced by adequate cause, killed the deceased by striking him with the sucker rod, a conviction of manslaughter might result. Under the statute, Article 1147, a "sucker rod" not being a deadly weapon *per se,* its use did not create the presumption of an intent to kill unless the jury should believe from the evidence that the instrument was one likelyt o produce death either from its nature or the manner of its use. Vernon's Texas Crim. Stat., Vol. 1, p. 716. The special charge requested would have cured the fault in the charge and should have been given unless it can be said that the omission was cured by expressions in other paragraphs of the charge or special charges given, or that taken as a whole, the charge was not misleading.

Paragraph fifteen of the court's charge reads as follows: "You are instructed that if you have a reasonable doubt as to whether the defendant is guilty of manslaughter and that said killing was not in his own self-defense, then you will acquit the defendant of manslaughter and determine whether the defendant is guilty of an aggravated assault under the succeeding instructions herein given you.''

In subsequent paragraphs of the charge there is incorporated the law declared in articles 1147 and 1149, *supra.* The difficulty presented is that in paragraph fifteen, quoted above, the jury is given to understand that the rule which they are to follow in determining whether the offense was manslaughter is to be found in the antecedent paragraphs; that those subsequent became pertinent only in the event a conclusion had been reached against the State on the issue of manslaughter; and that in that event only they would govern the jury in deciding whether the appellant was entitled to an acquittal or should be convicted of simple assault or aggravated assault. As stated above, the issues are very closely drawn, and in deciding between the higher and the lower grades of offense, it is not possible to determine that the jury was not misled. Considering the nature of the evidence and the doubt which is entertained touching the effect which the fault in the charge on manslaughter may have produced upon the minds of the jury, the court is constrained to hold that a new trial should have been granted.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*