CARLOS CORONA, SR. V. THE STATE.

No. 11131.   Delivered November 30, 1927.

**1.—Murder—Indictment—Not Duplicitous.**

Where an indictment for murder charged that the appellant "did then and there unlawfully and with his malice aforethought kill Julia de Corona by striking her with a piece of bolt, and by striking her with a hard instrument, the exact nature of which is to the grand jury unknown," is not duplicitous. See Branch's Ann. P. C., Sec. 2059; Burt v. State, 40 S. W. 1000.

**2.— Same — Charge of Court — On Aggravated Assault — Erroneously Omitted.**

Where, on a trial for murder, it was shown that the weapon with which the homicide was committed was a piece of iron about the size of the little finger and about a foot and a half long, and which was not shown to have been a deadly weapon with which appellant struck deceased one blow, raised the issue of his intent to kill, and the trial court erred in failing to instruct the jury on the law of aggravated assault. See Arts. 1261, 1263, P. C.; Neal v. State, 266 S. W. 410; Mason v. State, 255 S. W. 986, and other cases cited.

3.—Same—Confession of the Accused—Its Voluntary Character—Should Be Submitted to Jury.

The state in this case introduced a written confession of appellant whose voluntary character was seriously questioned. His requested charge submitting this issue to be passed upon by the jury should have been given. See Hammer v. State, 277 S. W. 392.

Appeal from the District Court of LaSalle County. Tried below before the Hon. J. F. Mullally, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is murder; the punishment death.

The count in the indictment under which appellant was convicted charges that—

"Carlos Corona Sr. * * * did then and there unlawfully with his malice aforethought kill Julia de Corona by striking her with a piece of bolt and by striking her with a hard instrument the exact nature of which is to the grand jury unknown."

Appellant's contention that the count of the indictment under which he was convicted is duplicitous is without merit. Branch's Annotated Penal Code, Sec. 2059; Burt v. State, 40 S. W. 1000.

The court gave a charge upon murder and manslaughter. The evidence shows that the weapon with which the homicide was committed was a piece of iron about the size of the little finger and about a foot and a half long. The evidence does not show the weight of the iron. Appellant struck deceased a blow with the iron and killed her. The question of the intent to kill was a controverted issue. The omission from the charge of an instruction on aggravated assault was called to the court's attention by proper exception. We are constrained to hold that the omission of such instruction was error.

Art. 1261 P. C., which was in effect at the time of the trial, provides:

"The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the defendant; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears."

Art. 1263 'P. C., which was also in effect at the time of the trial, provides:

"Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appear that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery."

In the case of Neal v. State, 266 S. W. 410, Judge Hawkins stated the rule as follows:

"Where the weapon used in committing the homicide is not per se a deadly weapon, the intent to kill is a question for the jury, and the court should charge on assault under Arts. 1147 (now 1261) and 1149 (now 1263) P. C."

The question presented here has been considered by this court in many cases, among which are Mason v. State, 255 S. W. 986; Collins v. State, No. 10957, opinion delivered October 26, 1927, but not yet reported. An extended discussion of the question is not deemed necessary.

The state relied largely upon the confession of appellant. The confession was taken by a deputy sheriff. Appellant is a Mexican and an interpreter was used in taking the confession. After testifying on direct examination as to the predicate laid for the admission of the confession, the deputy sheriff, on cross-examination, said:

"Before this instrument was signed by Carlos Corona Sr., I informed him that his son had made a statement—that was before he signed it, before I started the statement but not before the verbal statement. Before this instrument was signed I didn't tell him he better make a statement, told him his son signed one, but didn't even tell him to make one. Told him that his son had told me all that had happened and I thought it best that he would make a statement too, but that he didn't have to unless he wanted to. Told him it would be better for him to make this statement at that time."

The issue of the voluntary character of the confession was not submitted to the jury. A special charge intended to submit the issue was timely presented to the court. We are of the opinion that under the facts the issue should have been submitted to the jury. In the case of Gallagher v. State, 24 S. W. 288, Judge Davidson said:

"In order to render a confession admissible it must be freely made, and without compulsion or persuasion, not induced by

promise creating hope of benefit or influences applied, leading the defendant to believe his condition would be better by making such confession."

See Hammer v. State, 277 S. W. 392.

We pretermit a discussion of other points raised in the record for the reason that they are not likely to arise upon another trial.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.