JESUS MORALES v. THE STATE.

No. 11666. Delivered June 6, 1928.

*E. G. Lloyd, Jr.,* of Alice, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

MARTIN, JUDGE.—Offense, manslaughter; penalty, two years in the penitentiary.

The difficulty which terminated in the tragedy originated at a Mexican dance in a crowded room full of people whose version of same is contradictory and impossible to reconcile. The indictment charged that deceased, Faustino Ramirez, came to his death at the hands of Amado Garcia, Ysidro Morales, and appellant, and that he was killed by stabbing, striking and cutting with a knife, by beating, striking and wounding with an iron rod, and by striking, beating and wounding with a bludgeon. There was testimony tending to establish the truth of the allegations of the indictment.

Appellant's version of the affair was entirely different from that of the State and finds ample corroboration in the testimony of the witnesses. He was the floor manager at this Mexican dance and as such it was his business to keep order. According to a custom among Mexicans, the young ladies are seated to themselves during the interval between dances. During one of these intervals, Alberto Ramirez, brother of deceased, came and sat near one of the young ladies and appellant was asked by the young lady to request Alberto Ramirez to move. After repeated requests from appellant, Ramirez attacked appellant with a knife, whereupon appellant procured a piano stool, finally getting out of the building without participation in the general fight which followed. He emphatically denied any complicity in the killing or that he knew of the death of Ramirez until some time afterwards. Apparently the only weapon in possession of appellant during the melee was a piano stool. Deceased was stabbed, as well as bruised and beaten about the face and head. The attending physician testified that the knife wound caused his death.

The offense occurred prior to the anactment of the present murder statute and the Court charged on murder and manslaughter. He also charged upon assault to murder based upon the use of a piano stool as a bludgeon by appellant.

The record as a whole clearly raises two defensive matters, viz: (1) That if the offense was committed by another and appellant did not participate therein in such manner as to make him a principal as that term is defined by law, he would not be guilty, though he was

present when same was committed. (2) That since the weapon which the State claims appellant used was not per se a deadly weapon, the issue of aggravated assault was raised under Art. 1263 of the Penal Code which provides as follows:

"Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appear that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery."

If appellant used any weapon, it was one used to strike with and was not shown to have been a deadly weapon. It was not per se deadly. Crow v. State, 55 Tex. Crim. Rep. 200; Washington v. State, 53 Tex. Crim. Rep. 481; Shaw v. State, 34 Tex. Crim. Rep. 435; Mitchell v. State, 158 S. W. 812; House v. State, 171 S. W. 206.

The Court erred in refusing to charge on aggravated assault. Forrest v. State, 300 S. W. 53, and authorities there collated; also Hanners v. State, 300 S. W. 71, and authorities there collated.

The Court charged for the State upon assault to murder and the evidence raising the issue of aggravated assault on behalf of appellant was fully as cogent as that which raised the issue of assault to murder.

It was further an issue under the facts of this case and by the terms of Art. 1261, P. C., as to whether an intent to kill existed and the jury should on another trial be appropriately instructed that a conviction for manslaughter could not be had unless it appeared from the facts beyond a reasonable doubt that an intent to kill existed. Forrest v. State, 300 S. W. 53; Griffin v. State, 40 Tex. Crim. Rep. 312; Hoover v. State, 87 Tex. Crim. Rep. 372; Collins v. State, 299 S. W. 403. The Collins case will indicate to the trial judge the law in this particular. We find no exception raising this point but deem it best to discuss it in view of another trial.

There was further error in the charge of the Court in failing to charge the converse of the law of principals. He charged this law affirmatively upon the State's theory but did not charge that if another did in fact commit the offense and appellant did not know of the unlawful intent of such person and did not aid him by acts or encourage him by words or gestures, he would not be guilty, even though he was present. Jackson v. State, 20 Tex. Crim. App. 192;

Wood v. State, 28 Tex. Crim. Rep. 14; Silvas v. State, 159 S. W. 223; Elliott v. State, No. 11219, not yet officially reported.

Alleged errors not discussed are such as we deem unlikely to again occur and we pretermit discussion of same.

For the errors discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.