JIM TAYLOR v. THE STATE.

No. 12069. Delivered February 20, 1929.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for seven years.

About fifteen minutes prior to the homicide, appellant and one Tucker, a kinsman of deceased, Doc Wellborn, had a difficulty. Deceased was not present at this difficulty, but learning of it, went to the store of appellant's father, and engaged in a fist fight with him. While this fight was in progress, appellant entered his father's store and, in endeavoring to separate the parties, cut deceased with a knife. Deceased died some twelve hours later. The knife used by appellant was described as an ordinary pocket knife with a blade one and seven-eighths inches long. There was some testimony to the effect that appellant had stated shortly prior to the difficulty with deceased that he was going to have a bloody fight.

The offense was committed before the repeal of our manslaughter statute. The court gave a charge covering the law of murder, manslaughter, self-defense and aggravated assault.

The jury were instructed that a deadly weapon "is one which, in the manner used, is likely to produce death, or some serious bodily injury or an assault." Proper and timely exception was taken to that portion of the definition in which the jury were advised that a deadly weapon is one which in the manner used is likely to produce an assault. The charge should have been corrected to meet the objection. We know of no authority for the proposition that a weapon is to be considered deadly if, in the manner in which it is used, it is likely to produce an assault. See Article 1261, Vernon's Annotated Penal Code of Texas, and authorities cited under Note 2.

Appellant timely excepted to the failure of the court to embody the provisions of Article 1261, P. C., in the charge. The substance of said article was given in connection with the charge on manslaughter. As applied to murder and manslaughter, said article should have been given and application of the provisions thereof made to the facts. The weapon used by appellant was not per se

deadly and the question of his intention to kill deceased was contro-verted. Where the weapon used is not per se deadly, the intent to kill is a question of fact to be determined, under the statute, from the manner in which the weapon is used, and in such case it must evidently appear from the manner and use of such weapon that there was an intent to kill. Collins v. State, 299 S. W. 403; Hanners v. State, 300 S. W. 71.

Timely exception was taken to the failure of the court to give in connection with the charge on manslaughter an instruction covering the provisions of Article 1263, Penal Code, which provides:

"Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appears that there was an intent to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery."

We deem it unnecessary to discuss the question. The charge should have been given. See Collins v. State, supra.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.