SECONDINO RODRIQUEZ v. THE STATE.

No. 12244.   Delivered June 12, 1929.

The opinion states the case. A former appeal of this case is reported in 4 S. W. (2d) 52. The facts will also be found stated therein.

*H. S. Bonham* of Beeville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, twenty years.

A former appeal of this case is reported in 4 S. W. (2d), P. 52. The facts will be found stated therein. We supplement this statement to illustrate one of the law points discussed: Deceased and two boy companions had started wolf hunting. On and near a public road a difficulty ensued between the three American boys on one hand and five Mexican boys on the other. The State's testimony tended to show that the deceased held a lantern and that appellant held his pistol straight out in the air and fired, there being at the time a few feet distance between the two groups. Appellant testified:

"After they got over into the field, the American boys stopped and commenced cursing me again. As they had seen me with this gun, why, I thought they might be armed and might shoot at me, because a man without any arms wouldn't stop and curse a man with a gun, and so I shot to scare them. I did not shoot at any of those boys, but just shot right down into the ground out from me. * * * I fired the shot in the direction of where they were, but down at the ground. I did not pick out one of them to shoot at because I couldn't see them, but could see only the light. I did not try to hit the man that held the light, but shot down. * * * I had no intention of hitting any of them when I did fire the shot, but shot only to scare them."

Many bills of exception appear in the record questioning the admissibility of evidence of the acts and conduct of appellant's com-

panions at the scene of the shooting, as well also as some of their subsequent acts and that of appellant.

The theory of the State and its evidence tended to show that the five Mexicans were present and acted together in the commission of the offense. The acts and conduct of each of them at the time of the alleged commission of the offense were admissible as res gestae. The theory of the appellant was that the killing was an accident and some of the subsequent conduct inquired about was clearly admitted, we think, upon the theory that such conduct was inconsistent with their claim on the trial that the killing was not intentional. In our opinion there is no merit in any of these bills and we dispose of them without discussing each one separately.

Various exceptions were urged to the following portion of the Court's charge:

" * * * and in this case, if you find from the evidence, beyond a reasonable doubt, that the defendant, Secondino Rodriquez, on or about the time alleged in the indictment, deliberately and recklessly fired a gun in the direction of and towards a group of persons in such manner and under such circumstances that the death of any one of such persons resulted therefrom, and that such reckless firing, if any, was not under such circumstances as to reduce the killing to negligent homicide or manslaughter, hereafter defined, then you will find the defendant guilty of murder. * * * It is not necessary for the defendant to have had the specific intent to kill in order to make him guilty of murder, if you find from the evidence, beyond a reasonable doubt, that he fired a gun in the direction of or toward the deceased or a group of persons of which the deceased was a member, deliberately, wantonly, wrongfully, and recklessly, in such a manner as that any member of such group of persons might be killed."

Is this charge correct under the facts of this case? The case of Miller v. State, 13 S. W. (2d) 865, is a recent authority for the rule that an intent to kill was formerly and is yet an essential ingredient of the offense of murder.

The vice in the above charge may perhaps be best shown by illustrations. Suppose A fires his gun deliberately and recklessly into a pasture towards a point where unknown to him there is hidden a group of persons. Would he be guilty of murder, if he should under such circumstances unintentionally kill one of such group? Again, suppose A fires his gun deliberately and recklessly into the ground but in the direction of a group of persons without any intent to kill any member of such group, but only with the intent to alarm

them or some of them, and the bullet is deflected and in fact kills one of the group. Is this murder? Does the act of deliberately and recklessly firing a gun supply the indispensable element of an intent to kill in all cases? The undisputed facts and circumstances may be such that the law will conclusively presume an intent to kill where a gun is intentionally fired by one into the body of another. So also the intent to kill will be supplied by the law when one unintentionally commits a homicide in the perpetration of burglary, robbery, etc. Hedrick v. State, 40 Tex. Crim. Rep. 532. See also White v. State, 13 Tex. Crim. App. 261; Duebbe v. State, 1 Tex. Crim. App. 159; Mitchell v. State, 36 Tex. Crim. Rep. 278; 29 C. J. 1096; Collins v. State, 299 S. W. 403; Hadnot v. State, 7 S. W. (2d) 566; also Miller v. State, supra. These cases will sufficiently illustrate the principle that though an intent to kill must be present, such intent may or not be an issue to be submitted to the jury, depending upon the facts of each case. So far as we are aware no authorities exist which support the proposition that the deliberate and reckless firing of a gun towards a group of persons constitutes necessarily either murder or conclusive proof of an intent to kill. There is clearly a difference between the deliberate and reckless firing of a deadly weapon towards a group of persons and the firing of such a weapon towards them intentionally and purposely with an unlawful intent. The act may be deliberate and reckless without an intent to kill. It was held on a former appeal of this case that the issue of an accidental killing was present. The Court recognized that the facts raised the issue of negligent homicide and submitted such an issue to the jury. Appellant testified that he shot into the ground to scare the group of boys without any intent to kill them, as will be noted above. Whether worthy of belief or not, he was entitled to have this issue fairly submitted without abridgment by any statement which might cause the jury to believe him guilty of murder, though he in law might only be guilty of negligent homicide, or be entitled to an acquittal upon the theory of accidental homicide. Such, we think, was the possible effect of the quoted charge. It was, we think, upon the weight of the evidence. A somewhat similar charge was condemned in the recent case of Simmons v. State, No. 12,478, not yet officially reported. The case of Banks v. State, 85 Tex. Crim. Rep. 165, supposedly relied on by the State to support the trial court's action, did not discuss the sufficiency of the charge and was not intended as laying down a correct charge in cases of this character. Under our view of the

case the issue of whether there was present in appellant's mind an intent to kill was a question to be decided from all the facts in evidence, and such issue should not have been concluded, as apparently was done, by the submission of a group of facts whose existence could hardly be said to be a matter of dispute—that is that a gun was deliberately fired towards the group of boys in question.

For such error the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.